

# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
September 15, 2021 11:18 AM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 1109128

**TANYA SEFTON**                    **A 2103218**

vs.
**RAISING CANES OHIO LTD**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 13

EFR200



VERIFY RECORD

**IN THE COURT OF COMMON PLEAS**
**FOR HAMILTON COUNTY, OHIO**

| | | |
|---|---|---|
| TANYA SEFTON | ) | CASE NO. |
| 7179 State Route 128 | ) | |
| Cleves, OH 45002 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAISING CANE'S OHIO, LTD | ) | **COMPLAINT FOR** |
| 3820 Race Road, | ) | **DAMAGES AND** |
| Cincinnati, OH 45211 | ) | **INJUNCTIVE RELIEF** |
| | ) | |
| **Serve also:** | ) | **JURY DEMAND ENDORSED** |
| RAISING CANE'S OHIO, LTD | ) | **HEREIN** |
| c/o Brian E. Linhart | ) | |
| (Stat. Agent) | ) | |
| 52 E Gay Street | ) | |
| Columbus, OH 43215 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff TANYA SEFTON by and through undersigned counsel, as her Complaint against

the Defendant, states and avers the following:

**PARTIES**

1.  Sefton is a resident of the city of Cleves, Hamilton County, Ohio.

2.  Defendant RAISING CANE'S OHIO, LIMITED ("RCO LTD") is a domestic, for-profit

    company that conducts business throughout the state of Ohio. The relevant location of the

    events and omissions of this Complaint took place was 3820 Race Road, Cincinnati, Ohio

    45211, and all other RCO LTD locations.

3.  RCO LTD is, and was at all times hereinafter mentioned, Sefton's employer within the

    meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, and

    R.C. § 4112.01 *et seq*.

4. Within 300 days of the adverse employment actions described herein, Sefton filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-00252 ("EEOC Charge").

5. On June 24, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Sefton regarding the EEOC Charge.

6. Sefton received the Right to Sue Letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

7. Sefton has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

8. Sefton has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.704(b).

## JURISDICTION & VENUE

9. The material events alleged in this Complaint occurred in or around Hamilton County, Ohio.

10. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

11. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

12. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

13. Sefton is a former employee of RCO LTD.

14. At all times noted herein, Sefton was qualified for her position with RCO LTD.

15. At all times noted herein, Sefton could fully perform the essential functions of her job, with or without a reasonable accommodation.

2

16. Sefton identifies as lesbian, placing her in a protected class for her gender and sexual orientation.

17. Sefton worked for RCO LTD as a General Manager from May 2019 until RCO LTD terminated Sefton's employment on or about June 9, 2020.

18. It is important to initially note that Sefton did not tell her coworkers that she was lesbian at the time.

19. Sefton's boss, Kristina MacDonald, was a nosey person who felt entitled to every detail of Sefton's personal life.

20. Sefton got engaged to her fiancé (a woman) on February 12, 2020.

21. On or around February 20, 2020, MacDonald discovered Sefton's engagement and demanded why Sefton had kept this news and her sexual orientation from her.

22. MacDonald's question was not genuine or congratulatory: it was demanding and accusatory.

23. Sefton responded that it was not her job to keep MacDonald apprised of her personal life.

24. After MacDonald found out Sefton was a lesbian, MacDonald began treating Sefton poorly and targeting her for discipline.

25. On or around February 28, 2020, Sefton received a write up from MacDonald for an allegedly improper bank deposit.

26. Disparately, General Manager Mason Denney (heterosexual male) was not given a write up for his improper bank deposit.

27. Denney was allowed leniency while Sefton was held to a higher standard.

28. The disparate treatment was an adverse employment action against Sefton.

3

29. Further, Sefton was given a write up despite RCO LTD's company policy to give verbal warnings before write-ups, and to promptly notify employees of policy infractions (within seven days of the infraction). Sefton's alleged improper bank deposit occurred eight days before she received the write up.

30. On or around March 5, 2020, Sefton reported the improper write up and disparate treatment to Human Resources ("HR").

31. In this report, Sefton made it abundantly clear that MacDonald was singling her out, treating her differently, and intrusively digging into her private life due to her sexual orientation. This was a protected complaint of discrimination.

32. The very next day on or around March 6, 2020, MacDonald placed Sefton on a Performance Improvement Plan ("PIP").

33. The retaliatory PIP was an adverse employment action against Sefton.

34. MacDonald cited eight areas that Sefton needed to improve on and explained that she was looking for general improvement, not specific goals.

35. MacDonald specifically cited restaurant cleanliness issues that needed to be addressed.

36. On or around March 10, 2020, Sefton received an award for the RCO LTD Marketing Team, congratulating her on changing the work culture (and decreased the overall twelve-month employee turnover rate) at her particular RCO LTD location.

37. Before Sefton stepped into the role of General Manger, her RCO LTD location was constantly losing employees.

38. Under Sefton, her location had a consistent team of people working.

39. On or around March 12, 2020, Sefton's location received great feedback and a "green" assessment for overall store cleanliness.

4

40. When Sefton brought the "green" assessment to MacDonald's attention, MacDonald told Sefton that the assessment did not count.

41. On or around April 6, 2020, Sefton was scheduled to have her PIP follow-up meeting with MacDonald to evaluate whether or not she met MacDonald's expectations for general improvement.

42. Instead of coming to the meeting, MacDonald rescheduled the meeting claiming she was not prepared and that regardless, restaurant cleanliness was still not where it needed to be.

43. This was obviously false because of Sefton's recent "green" cleanliness evaluation.

44. Sefton felt hopeless, as MacDonald seemed content to dangle her job over her head.

45. On or about May 1, 2020, Sefton's location received a quarterly award from the Operations team for restaurant cleanliness. This award is given only to the top clean restaurant each quarter from RCO LTD.

46. On or around May 6, 2020, Sefton was informed that she had not met MacDonald's expectations for mystery shops and cleanliness, but instead of being terminated, her PIP would simply be extended.

47. On or around May 26, 2020, MacDonald recommended that Sefton continued the PIP because Sefton "did not demonstrate a willingness to improve."

48. Sefton flatly denied this allegation, explaining that she was doing everything in her power to show dedication to her job.

49. MacDonald's decisions to elongate Sefton's PIP three times were adverse employment actions against Sefton.

50. On or around May 26, 2020, Sefton's location also received an award for most improved food quality.

5

51. On or around May 27, 2020, Sefton finished cleaning and sent pictures of the restaurant to MacDonald.

52. MacDonald responded, "omg looks amazing," and told Sefton to send the pictures to the "GM Group Chat," so other General Managers could take note of Sefton's superior performance.

53. Despite this praise, MacDonald continued to claim Sefton's restaurant cleanliness was subpar.

54. Sefton told MacDonald that she felt the extended PIP was being used to create a paper trail to justify terminating her employment discriminatorily and retaliatorily. This was another protected complaint.

55. On or around May 28, 2020, Head of Marketing, Michael Williams, visited Sefton's location to install social-distancing stickers on the floors.

56. After Williams left the store, he called MacDonald to say he was so impressed with the immaculate cleanliness at Sefton's location and that he wanted to personally pay Sefton a compliment.

57. Williams continued by saying that Sefton's location was cleaner than the RCO LTD training location in Florence, KY.

58. On or around June 3, 2020, Sefton's Temporary Shift Manager Jeff LNU, allowed the whole crew to walk off the job.

59. Sefton, who was on her day off, rushed to the restaurant and stayed until 12:45am cleaning.

60. Sefton was incredibly concerned that the walkout would be used against her and left her feeling discouraged.

6

61. As if to add insult to injury, MacDonald came in the next day at opening and commented that the restaurant still had cleanliness issues.

62. On or around June 9, 2020, MacDonald claimed that Sefton had not successfully met the demands of her PIP.

63. MacDonald told Sefton that she had two options: (1) be fired, or (2) take a demotion.

64. This ultimatum was an adverse employment action against Sefton.

65. Sefton was utterly shocked because she spent three months doing everything in her power to meet the PIP standards (despite being praised for doing so).

66. On or around June 15, 2020, Sefton reported to HR that she felt she was being discriminated against because she was marrying a woman. This was another protected complaint.

67. Sefton explained that the disparate treatment from MacDonald only started after MacDonald found out she was lesbian, and that she was sick and tired of the months of harassment.

68. HR conducted an internal investigation but claimed there was no evidence of discrimination.

69. HR said that Sefton failed to meet the requirements set in her PIP and that she was being demoted.

70. The demotion would be accompanied by a pay cut.

71. The demotion was an adverse employment action against Sefton.

72. Sefton refused to accept either option, claiming both were contributing to the harassment she was facing.

73. The HR Representative told Sefton that "that's not how things work," and then terminated Sefton's employment.

74. RCO LTD's terminated of Sefton's employment was an adverse employment action against her.

75. RCO LTD's purported reason(s) for Sefton's employment termination was pretextual.

76. RCO LTD actually terminated Sefton's employment discriminatorily against her sexual orientation, gender, and/or in retaliation against her protected complaints.

77. As a result of the above, Sefton has suffered and continues to suffer damages.

## COUNT I: SEX/GENDER AND SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF R.C. §4112, *et seq*.

78. Sefton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. Sefton is a female/woman and is lesbian, and thus is in a protected class for her gender and sexual orientation.

80. R.C. § 4112 *et seq*. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's gender and sexual orientation.

81. RCO LTD treated Sefton differently than other similarly situated employees, specifically General Manager Denney, based upon her gender and sexual orientation.

82. RCO LTD disciplined Sefton for an alleged improper bank deposit.

83. Disparately, RCO LTD did not discipline General Manager Denney, a similarly situated comparator, for a similar improper bank deposit.

84. RCO LTD's improper discipline and disparate treatment were adverse employment actions against Sefton.

85. RCO LTD's purported reason(s) for Sefton's discipline was pretextual.

86. RCO LTD actually disciplined Sefton because of her gender and sexual orientation.

8

87. RCO LTD violated R.C. § 4112 *et seq.* by disparately disciplining its female and lesbian employees and deliberately choosing not to discipline its male and heterosexual employees for similar infractions.

88. RCO LTD violated R.C. § 4112 *et seq.* by treating Sefton differently from other similarly situated employees outside her protected class.

89. RCO LTD violated R.C. § 4112 *et seq.* by applying its employment policies in a disparate manner based on Sefton's gender.

90. Defendants violated R.C. § 4112 *et seq.* by applying its disciplinary policies in a disparate manner based on Sefton's gender.

91. Sefton incurred emotional distress damages as a result of Defendants' conduct described herein.

92. As a direct and proximate result of Defendants' acts and omissions, Sefton has suffered and will continue to suffer damages.

## COUNT II: SEX/GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

93. Sefton restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Sefton is a lesbian woman, and thus is in a protected class for her gender and sexual orientation.

95. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's gender and sexual orientation.

96. Title VII protects lesbian, gay, bisexual, and transgender employees against employment bias, forbidding any employment discrimination based on gender identity or sexual orientation.

97. RCO LTD treated Sefton differently than other similarly situated employees based upon her gender and sexual orientation.

98. RCO LTD's discipline and termination of Sefton's employment were adverse employment actions against her.

99. RCO LTD's purported reason for Sefton's employment termination was pretextual.

100.    RCO LTD actually terminated Sefton's employment due to her gender and sexual orientation.

101.    RCO LTD violated Title VII by terminating Sefton's employment because of her gender and sexual orientation.

102.    RCO LTD violated Title VII by treating Sefton differently from other similarly situated employees outside her protected class.

103.    RCO LTD violated Title VII by applying its employment policies in a disparate manner based on Sefton's gender and sexual orientation.

104.    RCO LTD violated Title VII by applying its disciplinary policies in a disparate manner based on Sefton's gender and sexual orientation.

105.    As a direct and proximate result of RCO LTD's acts and omissions, Sefton has suffered and will continue to suffer damages.

## **COUNT III: RETALIATION**

106.    Sefton restates each and every prior paragraph of this complaint, as if it were fully restated herein.

107.     As a result of the RCO LTD's discriminatory conduct described above, Sefton complained of the discrimination, harassment, and disparate treatment she was experiencing from MacDonald.

108.     Subsequent to Sefton's complaints to HR about harassment, bullying, and disparate treatment toward her, RCO LTD took adverse employment actions against Sefton, including placing her on a PIP and terminating her employment.

109.     RCO LTD's actions were retaliatory in nature based on Sefton's opposition to the unlawful discriminatory conduct.

110.     Pursuant to R.C. § 4112 *et seq*. and Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

111.     As a direct and proximate result of RCO LTD's retaliatory discrimination against and discharge of Sefton, she has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Sefton demands from Defendant the following:

a) Issue a permanent injunction:

    i.    Requiring Defendant to abolish discrimination, harassment, and retaliation;

    ii.   Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii.  Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    iv.    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    v.    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Sefton's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Sefton for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Sefton's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

  /s/ Matthew Bruce    
Matthew G. Bruce (0083769)
Trial Attorney
Evan R. McFarland (0096953)
Brianna R. Carden (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower

12

11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:     (216) 291-5744
Email:  Matthew.Bruce@SpitzLawFirm.com
Email:  Evan.McFarland@SpitzLawFirm.com
Email:  Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Tanya Sefton*

## JURY DEMAND

Plaintiff Tanya Sefton demands a trial by jury by the maximum number of jurors permitted.


      /s/ Matthew Bruce
Matthew G. Bruce (0083769)

13

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Tanya Sefton**<br>**7179 State Route 128**<br>**Cleves, OH 45002** | From: | **Cincinnati Area Office**<br>**John W. Peck Fed. Bldg**<br>**550 Main Street, Suite 10-191**<br>**Cincinnati, OH 45202** |
|---|---|---|---|

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **473-2021-00252** | **William D. Coleman,**<br>**Investigator** | **(513) 914-6013** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| [ ] | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| [ ] | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| [ ] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| [ ] | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*William Coleman*  FOR

_____          _____
Enclosures(s)                              **Ramiro Gutierrez,**                      *(Date Issued)*
                                           **Area Office Director**

cc:

| **Amy Malone**<br>**Director of Crew Resources**<br>**RAISING CANES OHIO LTD.**<br>**1062 RIDGE ST**<br>**Columbus, OH 43215** | **Evan R. McFarland, Esq.**<br>**THE SPITZ LAW FIRM, LLC**<br>**Spectrum Office Tower**<br>**11260 Chester Road, Suite 825**<br>**Cincinnati, OH 45246** |
|---|---|

Enclosure with EEOC
Form 161-B (11/2020)

## Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

Private Suit Rights    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

Private Suit Rights    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

Attorney Representation    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

Attorney Referral and EEOC Assistance    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*

Enclosures(s)

cc:   **Karen Dunlevey**
      **Jackson Lewis PC**
      **201 E 5TH ST**
      **FL 26**
      **Cincinnati, OH 45202**



| | | |
|---|---|---|
| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | **CLASSIFICATION FORM**<br><br>WWW.COURTCLERK.ORG | **AFTAB PUREVAL**<br>CLERK OF COURTS |

**CASE NUMBER:**_____ **PLAINTIFF:** _____

**PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED**

**UNDER CASE NUMBER:**_____ **BY JUDGE** _____

## PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS  (please only check one):

[   ] **Other Tort – C360**
    ] **Personal Injury – C310**
    ] **Wrongful Death – C320**
    ] **Vehicle Accident – C370**

[   ] **Professional Tort – A300**
    ] **Personal Injury – A310**
    ] **Wrongful Death – A320**
    ] **Legal Malpractice – A330**
    ] **Medical Malpractice – A340**

[   ] **Product Liability – B350**
    ] **Personal Injury – B310**
    ] **Wrongful Death – B320**

  ] **Worker's Compensation**
    **Non-Compliant Employer – D410**
  ~ **Appeal – D420**

  ] **Administrative Appeals – F600**
    **Appeal Civil Service – F610**
  ~ **Appeal Motor Vehicle – F620**
  ~ **Appeal Unemployment – F630**
  ~ **Appeal Liquor – F640**
    **Appeal Taxes – F650**
    **Appeal Zoning – F660**

[   ] **Certificate of Qualification – H600**

[   ] **Other Civil – H700-34**
    ] **Appropriation – H710**
    ] **Accounting – H720**
    ] **Beyond Jurisdiction –730**
    ] **Breach of Contract – 740**
    ] **Cancel Land Contract – 750**
    ] **Change of Venue – H760**
    ] **Class Action – H770**
    ] **Convey Declared Void – H780**
    ] **Declaratory Judgment – H790**
    ] **Discharge Mechanics Lien – H800**
    ] **Dissolve Partnership – H810**
    ] **CONSUMER SALES ACT (1345 ORC) – H820**
    ] **Check here if relief includes declaratory**
      **judgment, injunction or class action**
      **recovery – H825**
    ] **Habeas Corpus – H830**
    ] **Injunction – H840**
    ] **Mandamus – H850**
    ] **On Account – H860**
    ] **Partition – H870**
    ] **Quiet Title – H880**
    ] **Replevin – H890**
    ] **Sale of Real Estate – H900**
    ] **Specific Performance – 910**
    ] **Restraining Order – H920**
    ] **Testimony – H930-21**
    ] **Environmental – H940**
    ] **Cognovit – H950**
    ] **Menacing by Stalking – H960**
        ] **Repo Title – Transfer of Title Only – 970**
        ] **Repo Title – With Money Claim – H980**
    ] **Injunction Sexual Predator – 990**
    ] **SB 10 – Termination – H690**
    ] **SB 10 – Reclassification – H697**

**DATE:**_____ **ATTORNEY (PRINT):** _____

**OHIO SUPREME COURT NUMBER:** _____

Revised 01/02/2017

## Common Pleas Court of Hamilton County, Ohio  Clerk of Courts

## INSTRUCTIONS FOR SERVICE

_____
PLAINTIFF(S)

Vs.                                    _____
                                                              CASE NO.

_____
DEFENDANT(S)

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:**

CERTIFIED MAIL SERVICE___          ORDINARY MAIL SERVICE___

PERSONAL SERVICE BY THE SHERIFF OF _____ COUNTY ___

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ___

PERSONAL SERVICE BY PROCESS SERVER___

RESIDENCE SERVICE BY PROCESS SERVER___

**OF THE FOLLOWING DOCUMENTS**:_____

_____

**UPON:**

_____          _____
(NAME #1)                                                            (NAME #2)

_____          _____
(ADDRESS)                                                          (ADDRESS)

_____          _____

_____          _____
(CITY—STATE—ZIP CODE)                                  (CITY—STATE—ZIP CODE)

_____          _____
(NAME #3)                                                            (NAME #4)

_____          _____
(ADDRESS)                                                          (ADDRESS)

_____          _____

_____          _____
(CITY—STATE—ZIP CODE)                                  (CITY—STATE—ZIP CODE)

_____          _____
**Attorney Name and Supreme Court I.D. No.**          **Address, City, State, Zip Code**

_____
**Phone Number**

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>TANYA SEFTON</u>
    **PLAINTIFF**

Use below number on
all future pleadings

    -- vs --

No.  A 2103218
        SUMMONS

<u>RAISING CANES OHIO LTD</u>
    **DEFENDANT**


    RAISING CANES OHIO LTD
    C/O BRIAN E LINHART S/A          D - 1
    52 E GAY STREET
    COLUMBUS OH 43215


You are notified
that you have been named Defendant(s) in a complaint filed by

    TANYA SEFTON
    7179 STATE ROUTE 128
    CLEVES OH 45002

                              Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.


Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.


If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney          AFTAB PUREVAL
MATTHEW G BRUCE                Clerk, Court of Common Pleas
11260 CHESTER ROAD              Hamilton County, Ohio
SUITE 825
CINCINNATI       OH      45246

                      By  <u>RICK HOFMANN</u>
                                  Deputy


              Date:    September 16, 2021


D132951103



VERIFY RECORD

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


<u>TANYA SEFTON</u>
**PLAINTIFF**

                                  Use below number on
                                  all future pleadings

    -- vs --

                           No.  A 2103218
                               SUMMONS

<u>RAISING CANES OHIO LTD</u>
**DEFENDANT**


     RAISING CANES OHIO LTD
     3820 RACE ROAD                      D - 1
     CINCINNATI OH 45211




You are notified
that you have been named Defendant(s) in a complaint filed by

     TANYA SEFTON
     7179 STATE ROUTE 128
     CLEVES OH 45002

                                        Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET  ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney         AFTAB PUREVAL
MATTHEW G BRUCE                  Clerk, Court of Common Pleas
11260 CHESTER ROAD               Hamilton County, Ohio
SUITE 825
CINCINNATI        OH      45246

                         By  <u>RICK HOFMANN</u>
                                    Deputy


                    Date:    September 16, 2021




D132951082



VERIFY RECORD

UNITED STATES ELECTRONIC CERTIFIED MAIL SERVICE RETURN
Case: 1:21-cv-00603-MRB Doc #: 1-1 Filed: 09/20/21 Page: 13 of 13 PAGEID #: 26
SUMMONS & COMPLAINT
A 2103218    D1
RAISING CANES OHIO LTD
FILED: 09/20/2021  6:58:42

Date Produced: 09/20/2021

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0947 5046. Our records indicate that this item was delivered on 09/18/2021 at 12:38 p.m. in CINCINNATI, OH 45211. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        16586593SEQ1

Date Produced: 09/27/2021

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0947 5053. Our records indicate that this item was delivered on 09/20/2021 at 10:43 a.m. in COLUMBUS, OH 43216. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        16586599SEQ1